**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-2013**

JIA JIA WANG,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A77-993-866)

Submitted:  February 16, 2005          Decided:  March 16, 2005

Before WILKINSON, TRAXLER, and SHEDD, Circuit Judges.

Petition dismissed in part; denied in part by unpublished per curiam opinion.

Henry Zhang, ZHANG & ASSOCIATES, P.C., New York, New York, for Petitioner.  Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Paul E. O'Brien, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jia Jia Wang, a native and citizen of China, petitions for review of an order of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture.

Wang first challenges the immigration judge's finding that his asylum application was untimely filed with no showing of changed or extraordinary circumstances excusing the late filing. See 8 U.S.C. § 1158(a)(2)(B) (2000); 8 C.F.R. § 1208.4(a)(4), (5) (2004). We conclude we lack jurisdiction to review this claim. See 8 U.S.C. § 1158(a)(3) (2000).

Wang next argues that the immigration judge violated his due process rights by not raising the timeliness of his application before rendering her decision. We have reviewed the administrative record and conclude Wang did not exhaust his administrative remedies with respect to this issue because he did not raise it in his appeal to the Board. See 8 U.S.C. § 1252(d)(1) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004).

While we do not have jurisdiction to consider the Board's denial of Wang's asylum claim, we retain jurisdiction to consider the denial of his request for withholding of removal, which is not subject to the one-year time limitation. See 8 C.F.R. § 1208.4(a) (2004). "To qualify for withholding of removal, a petitioner must

show that he faces a clear probability of persecution because of his race, religion, nationality, membership in a particular social group, or political opinion." <u>Rusu v. INS</u>, 296 F.3d 316, 324 n.13 (4th Cir. 2002) (citing <u>INS v. Stevic</u>, 467 U.S. 407, 430 (1984)). Based on our review of the record, we conclude substantial evidence supports the finding that Wang has failed to meet this standard.

Accordingly, we dismiss the petition for review in part and deny it in part.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DISMISSED IN PART;</u>
<u>DENIED IN PART</u>

---

[*]We note that Wang asserts no specific allegation of error committed below in denying relief under the Convention Against Torture.